JAMES DOLAN *vs.* WILLIAM C. ATWATER & another.

Bristol.    October 26, 1896. — January 7, 1897.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Appreciation and Assumption of Risk.*

The mere fact that a coal tub had a latch looser than some tubs, but not looser than those in common use for like service, the looseness being due neither to wear nor breakage, will not justify a finding that the employer was at fault in furnishing it for use.

An employee who is injured, while shovelling coal into a tub in the hold of a barge, by the contents of another tub falling upon him, has no right of action against his employer, if he was where he could examine the tubs without interfering with his work, and their condition and the fact that the hold was so full of coal that if a tub should strike and dump he could not get out of the way were obvious, and must have enabled him with due care to have fully appreciated the risk that the tub which was in use on the other side of the hold, and which had gone up and down forty or fifty times while he was at work, might dump coal upon him while the hold was so full that he could not get out of the way.

TORT, for personal injuries occasioned to the plaintiff while engaged in the defendants' employ in shovelling coal into a tub

in the hold of a coal barge lying next to the defendants' wharf
in Fall River. The declaration was in five counts, two at com-
mon law, and three under the employers' liability act, St. 1887,
c. 270. At the trial in the Superior Court, before *Bishop*, J.,
it appeared that the tub into which the plaintiff was shovel-
ling coal was to be hoisted out of the hold when filled, and that,
while he was engaged in filling it, another tub filled with coal,
which had just been hoisted out of the same barge, struck
against a projecting bulkhead or apron over the defendants'
wharf, and emptied itself of its contents, which fell upon the
plaintiff's head, and caused the injuries complained of. At the
close of the evidence for the plaintiff, the judge, at the request
of the defendants, directed a verdict for the defendants; and the
plaintiff alleged exceptions. The facts appear in the opinion.

*E. Higginson*, (*J. W. Cummings* with him,) for the plaintiff.

*J. F. Jackson*, (*R. P. Borden* with him,) for the defendants.

BARKER, J. The only thing which the plaintiff contended
to be a defect was that the latch on the tub was a little looser
than the latches on the other tubs in the yard. But he testified
that tubs with latches as loose were in common use, and it did
not appear that the looseness of the latch came from wear or
breakage, but, on the contrary, that it had long been in use in
the same condition as on the day of the accident. While the
plaintiff testified that tubs with tight latches would not dump on
striking a bulkhead, and a tub with a loose latch would, the only
other witness called by him testified that it made no difference,
that one latch worked with him just the same as the other, and
that a tight latch would dump the same as a loose latch, and upon
still further questioning by the plaintiff's attorney said that he
did not know whether a tub with a loose latch would dump quicker
or not. In our opinion, there was no sufficient evidence to justify
a finding that the defendants were at fault.

The plaintiff had been a coal shoveller for fifteen years, and
was entirely familiar with the fact that the tubs, by striking the
bulkhead or apron, were liable to be unlatched, and to dump
the coal back into the hatchways of the vessel, and testified
that tubs with latches like those on this one were used in other
yards only when the coal had been so far removed from the
hold that workmen in it could get out of the way. There were

but two tubs in use on the morning of the accident. They were where he could examine them without interfering with his work, and their condition and the fact that the hold was so full of coal that if a tub should strike and dump he could not get out of the way were obvious, and must have enabled him with due care to have fully appreciated the risk that the tub which was in use on the other side of the hold, and which had gone up and down forty or fifty times while he was at work, might dump coal upon him while the hold was so full that he could not get out of the way.                                   *Exceptions overruled.*